**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LI XIAO,<br><br>            Petitioner,<br><br>   v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>            Respondent. | No. 13-73304<br><br>Agency No. A087-862-993<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Li Xiao, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the IJ's demeanor finding, as well as the omission from Xiao's written application of the injuries he suffered from beatings by the police or the car accident that served as a motivation for his adoption of Christianity. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Xiao's explanations do not compel a contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Xiao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence also supports the agency's denial of Xiao's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the finding that it is more likely than not Xiao would be tortured by or with the consent or acquiescence of the government if

13-73304

returned to China.   *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED**.